UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT FERRARI,

       Plaintiff,                                     Civil Action No. 15-CV-11636

vs.                                         HON. BERNARD A. FRIEDMAN

THE WOODS CONDOMINIUM
ASSOCIATION,
KRAMER-TRIAD MANAGEMENT
GROUP, LLC, and
ASSOCIATION DUES ASSURANCE
CORPORATION (ADAC),

       Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION OF
## DEFENDANT ADAC FOR SUMMARY JUDGMENT

      This matter is presently before the Court on the motion of defendant Association

Dues Assurance Corporation ("ADAC") for summary judgment [docket entry 17]. Plaintiff has filed

a response in opposition and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the

Court shall decide this motion on the briefs.

      Plaintiff alleges that he lost his condominium in foreclosure after defendant The

Woods Condominium Association ("The Woods") assessed improper fines against him and The

Woods and/or defendant Kramer-Triad Management Group, LLC ("Kramer-Triad"), the

association's property manager, used a portion of his monthly association dues to pay the fines,

thereby leaving him perpetually in arrears on the dues. Defendant ADAC, on behalf of The Woods,

sought to collect the debt. When collection efforts failed, ADAC, as The Woods' agent, foreclosed

The Woods' assessment lien. Plaintiff has brought this action against all three defendants to quiet

title and for slander of title (Counts I-III); against The Woods and Kramer-Triad under the Electronic

Fund Transfer Act ("EFTA") and the Michigan Condominium Act ("MCA") (Counts IV and V); and against ADAC under the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Collection Practices Act ("MCPA").  For relief he seeks an order rescinding the sheriff's sale or extending the redemption period, plus damages, costs, and attorney fees.

In the instant motion, ADAC seeks summary judgment on the FDCPA claim on the grounds that the claim is untimely and that the notices it sent plaintiff complied with the statute.  It seeks summary judgment on the quiet title and slander of title claims on the grounds that it acted solely in its capacity as agent for The Woods and therefore plaintiff may assert these claims only against The Woods.  In response plaintiff appears to believe that his FDCPA claim is timely and that ADAC's letter to him did not comply with the statute.  Plaintiff does not address defendants agent/principal argument.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party.  *See Anderson,* 477 U.S. at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989).  In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party."  *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534

(6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

On the FDCPA claim, there is no genuine issue of material fact for a jury to resolve. The allegation is that ADAC violated 15 U.S.C. § 1692(g) "by failing to advise Plaintiff of his right to dispute the validity of the debt and by misrepresenting Plaintiff's rights by stating instead Plaintiff had an opportunity to cure and once this 30 day period had expired, collection would resume." Compl. ¶ 62. Plaintiff bases this claim on a letter from ADAC dated June 26, 2014 (Compl. Ex. 4), informing plaintiff he owes The Woods $4,209.68 and had 30 days "to cure this past due balance." However, ADAC points to an earlier letter, dated March 12, 2013, a copy of which is attached to its reply brief, which plainly notified plaintiff of his right to dispute the debt and/or to request verification. Plaintiff has not produced any evidence, by affidavit or otherwise, disputing the March 12, 2013, letter or otherwise showing that ADAC did not inform him of his right to dispute the debt or request verification. Therefore, the Court shall grant summary judgment for ADAC on Counts VI and VII.[1]

As noted, plaintiff's response to ADAC's motion makes no mention of its argument that it cannot be held liable as The Woods' agent in the foreclosure process. The Court shall therefore also grant summary judgment for ADAC as to Counts I-III, as plaintiff has failed to show any genuine issue for trial as to this issue. Further, as The Woods, and not ADAC, is named on the sheriff's deed (Compl. ¶ 5), ADAC is not a proper party on the quiet title claim (Count I), as it has

_____

[1] Count VI is brought under the FDCPA. Count VII is brought under the MCPA and appears to be based on the same allegation as the FDCPA claim – namely, that ADAC made "false, misleading statements as to the Plaintiff's legal rights." Compl. ¶ 69.

3

no title to relinquish and no other ability to affect the title in any way.  The slander of title claims

fail as to ADAC because they are based on the allegation that ADAC did not send plaintiff a "debt

validation notice," an allegation the Court has disposed of in connection with Counts VI and VII.

Accordingly,


IT IS ORDERED that defendant ADAC's motion for summary judgment is granted.


S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2015
         Detroit, Michigan

4